**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAHUL MEWAWALLA,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Misc. No. 23-102** |
| | : | |
| **STANLEY C MIDDLEMAN, et al.,** | : | |
| **Defendants.** | : | |

**O R D E R**

Several individuals and entities (the "Movants") have filed an unopposed Motion to quash a subpoena *duces tecum* served on Deloitte Tax LLP. (Doc. No. 1-1 at 1.) The subpoena relates to a civil action pending in the Northern District of California and was served by the plaintiff in that action, Rahul Mewawalla. (Id.) I will deny the Motion.

## I. BACKGROUND

Stanley Middleman and affiliated trusts own and control Freedom Mortgage Corp. (Id. at 2.) In early 2020, Freedom Mortgage hired Mewawalla to establish and run a new mortgage technology company called Xpanse. (Id. at 2.) In January 2021, Freedom Mortgage terminated Mewawalla for cause. (Id.) Mewawalla filed suit in California, claiming severance benefits and asserting various tort and state statutory claims. (Id.) Mewawalla alleges, *inter alia*, that the defendants in the California suit acted wrongfully by converting Xpanse from a C Corporation into a Limited Liability Company in December 2020. (Id.) The conversion to the "LLC form" was for "tax reasons." (Id. at 3.)

In October 2020, Movants (most of whom are non-parties in the California suit) "engaged Deloitte's Philadelphia office to provide 'general tax advice,' . . . as part of a Strategic Tax Review covering various entities and trusts, several of which are organized in Pennsylvania." (Id. at 1, 3,

6.) The conversion of Xpanse into an LLC "was a minor part of the overall engagement" between Deloitte and Movants. (Id. at 3.)

## II. PROCEDURAL HISTORY

Mewawalla served the subpoena on Deloitte as part of discovery in the California suit in February 2023, seeking production of: (1) documents related to Xpanse, including agreements between Deloitte and Movants; (2) documents provided to Deloitte for its evaluations of Xpanse; (3) Deloitte's professional advice "regarding the liquidation of Xpanse, Inc. and the formation of Xpanse LLC"; and (4) communications between Deloitte and various individuals associated with Xpanse or the Middleman family. (Id. at 3, 4.) The subpoenaed information "is in the custody of Deloitte's Philadelphia office, which undertook the engagement with Movants." (Id. at 8.)

Movants seek to quash the subpoena because: (1) it would "violate the Pennsylvania accountant-client privilege and otherwise infringe on the financial privacy interests of the Movants"; and (2) the subpoena seeks information irrelevant to the California suit. (Id. at 1.)

On July 19, 2023, I ordered any interested party to file a response to the instant Motion by July 24. (Doc. No. 4.) No response was filed. (See Docket.)

## III. LEGAL STANDARDS

A party may use a subpoena only to seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Paramo v. Aspira Bilingual Cyber Charter Sch., No. 17-3863, 2018 WL 4538422, at *2 (E.D. Pa. Sept. 21, 2018); Fed. R. Civ. P. 26(b)(1).

On "timely motion," the court for the district where compliance is required "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter" or "subjects

a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

"A defendant only has standing to quash a subpoena that is not directed to him if he 'has some personal right or privilege with respect to the subject matter sought in the subpoena directed to a nonparty.'" Green v. Cosby, 314 F.R.D. 164, 173 (E.D. Pa. 2016) (quoting New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc., No. 98-775, 2000 WL 62315, at *4 (E.D. Pa. Jan. 13, 2000)). Here, Movants assert the Pennsylvania accountant-client privilege as to the information sought from Deloitte.

## IV. DISCUSSION

A motion to quash must be "timely filed" under Rule 45. Fed. R. Civ. P. 45(d)(3)(A). "Ample authority exists holding that timeliness means within the specified compliance period, so long as that period is of reasonable duration." City of St. Petersburg v. Total Containment, Inc., 7-MC-191, 2008 WL 1995298, *2 (E.D. Pa. May 5, 2008).

Here, the subpoena was served on Deloitte in February 2023, commanding Deloitte to produce the requested documents by March 24, 2023. (Doc. No. 1-1 at 3 ("Plaintiff served the instant Subpoena on Deloitte as part of discovery in the Underlying Action in February 2023 . . . ."); Doc. No. 1-7 at 2, 6 ("[T]he Subpoena . . . purports to require the Responding Entity to produce documents on or before March 24, 2023.").) Movants filed the instant Motion on June 23, 2023. (See Docket.) The Motion is therefore untimely and must be denied. Total Containment, 2008 WL 1995298, *2.

Movants note that "Deloitte intended to produce documents on June 9, 2023." (Doc. No. 1-1 at 4.) Even if the compliance period had been extended to June 9, Movants' June 23 filing still would be untimely.

## V. CONCLUSION

**AND NOW**, this 1st day of August, 2023, it is hereby **ORDERED** that the Motion to Quash or Modify Subpoena (Doc. No. 1) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.